DANIEL P. MASSEY, ESQ.
The Massey Law Firm, P.C.
14300 N. Northsight, Suite 108
Scottsdale, Arizona  85260
(602) 955-0055
dan@dmasseylaw.com

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| ARTHUR T. BILLINGSLEY, a widowed man, and TREY BILLINGSLEY, <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES OF AMERICA, on behalf of it's Agencies and/or Agents UNITED STATES DEPARTMENT OF VETERANS AFFAIRS, and CARL T. HAYDEN VA MEDICAL CENTER, <br><br> Defendant. | Case No. <br><br> **COMPLAINT** |

COMES NOW the Plaintiffs above named, by and through their attorneys undersigned, and for their cause of action against the Defendant United States of America (hereinafter referred to as Defendant USA), state and allege as follows:

**GENERAL ALLEGATIONS**

**PARTIES, JURISDICTION & VENUE**

I.

Plaintiffs, Arthur T. Billingsley and Trey Billingsley, are currently residents of the Maricopa County, State of Arizona; and upon information and belief, the above named Defendant USA, for its agency, employees and/or their agents, caused events to occur in the City of Phoenix, County of Maricopa, State of Arizona, out of which this cause of action arose.

II.

This action arises under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671-2680, as hereinafter more fully appears.

III.

Defendant USA, pursuant to the above-stated provision, is responsible for money damages for personal injury caused by the negligent wrongful act or omission of any employee(s) of the United States of America, while acting within the scope of its employment.

IV.

The United States District Court for the District of Arizona, has exclusive original jurisdiction of civil actions on claims against the United States of America for money damages for personal injury caused by the negligent wrongful act or omission of any employee of the United States of America, while acting within the scope of employment as alleged herein.

V.

At all times material hereto, Steven P. Galasky, M.D., who attended the patient on October 2, 2013, and reviewed multiple times, and other healthcare professionals in Internal Medicine including Stephen Cushner, M.D. (Hospitalist), and Jonathan Byrdy, M.D., and others involved in management of this patient, were operating as employees and/or agents of the Department of Veteran Affairs and/or VA Medical Center, agency of Defendant USA, and all actions taken by them and pertinent hereto were within the course and scope of agency and/or employment.

VI.

The Defendant USA is vicariously responsible for the negligent actions of its agency, agents and/or employees.

VII.

Plaintiffs have fully complied with the filing of an administrative claim to the responsible federal agency, prior to the initiation of this suit 28 U.S.C. § 5(a). Plaintiffs

demanded in that claim a sum certain in the amount of $2,500,000. However, since that Notice of Claim was served, Plaintiffs' damages have increased as Plaintiffs have continued to suffer damages attributable to the Defendant in this matter.

VIII.

More than six months before this action was instituted, the claim set forth herein was presented to the appropriate federal agency, including the U.S. Department of Veteran Affairs, Carl T. Hayden VA Medical Center, Eric H. Holder, Jr./United States Attorney General; with the Department of Veterans Affairs having failed to respond, Plaintiffs herein file suit against Defendant USA within the statutorily allowed time of six months from the date of the failure to respond.

IX.

Under the Federal Claims Tort Act, 28 U.S.C. § 2402 does not provide for a jury trial for claims brought against the United States of America. In cases where other private parties are joined as defendants with the United States, a defendant may ask for a jury to consider the claims against the other private defendants, and for advice to the judge regarding claims against the United States. No other such private parties are joined in this matter. As such this matter is to be presented as a trial to the Court.

X.

Plaintiffs assert that venue is proper in this District pursuant to 28 U.S.C. § 1391(a) due to the Defendant's primary place of business; as well as the location of the majority or all subsequent medical care and treatment.

XI.

The amount in controversy substantially exceeds the jurisdictional requirement for jurisdiction with this Court.

**FACTS COMMON TO ALL COUNTS**

XII.

This cause of action is premised upon negligent acts of The Department of Veteran Affairs Hospital, the Carl T. Hayden VA Medical Center in Phoenix, Arizona, and it's

physicians including, but not limited to Steven P. Galasky, M.D., Stephen Cushner, M.D., Jonathan Byrdy, M.D., and other presently unknown physicians or healthcare workers of the Department of Veterans Affairs.  This claim arises out of events commencing on or about October 2, 2013, and continuing thereafter until the Plaintiff Arthur Billingsley was transferred to the outside healthcare facility Barrows Neurological Institute at St. Joseph Hospital and Medical Center on December 12, 2013.  At that time, Plaintiff Arthur Billingsley presented to the Phoenix VA Medical Center and was seen by Dr. Steven Galasky, M.D.   The Plaintiff presented with complaints of lumbar pain and reported that he had been struck by a tree across the back and that it took three people to remove the tree.  Prior to the events that occurred in this matter, Plaintiff was able to ambulate w/o pain and had no paresthesias or paresis.

XIII.

X-Rays were taken on October 2, 2013 which revealed a T-7 compression fracture of "unknown acuity".  No further evaluation was done by MRI or spine specialist opinion as regards to the need for immobilization or further care.

XIV.

Thereafter, on October 31, 2013, November 8, 2013, and November 21, 2013, Plaintiff again presented to VA Medical Center complaining of unrelieved back pain.

XV.

Lack of appropriate management resulted in unabated pain back. He did visit ER for the unrelieved back pain (under bilateral scapula) on 10/31/2013 and 11/08/2013. His examinations on those occasions revealed tender on palpation over bilateral scapulas with no obvious deformity. He had no neurologic findings or other concerning findings hence discharged home. No spinal evaluation was done during these visits.

XVI.

On November 21, 2011, it was finally decided to evaluate Plaintiff with MRI, however due to unnecessary delay by Defendants, that procedure was not performed until December 3, 2013.  The findings from the MRI revealed "acute to subacute compression

4

fracture of the T-7 vertebral body with approximately 80% loss of height; the loss has progressed since previous exam."

XVII.

On December 6, 2013, at 2230 hours, while standing at bedside using the urinal, the patient fell to his knees while at home and needed transportation to Defendants' facility on an emergent basis.

XVIII.

From December 3, 2013 through December 10, 2013, Plaintiff remained at the VA Medical Center during which time Plaintiff's spinal condition deteriorated to "diminished sensation" (12/07/13) and "sever back pain and unable to walk" (12/08/13), to "incontinence of urine" (12/09/13).

XIX.

Finally, on December 10, 2013, a week after MRI diagnosis and clinical manifestations of further cord compression, an orthopedic consult was obtained. As a result of that consult, Plaintiff was transferred emergently to St. Joseph's Medical Center.

XX.

After admission at St. Joseph Hospital and Medical center on 12/10/2013 he was evaluated and planned for urgent emergency surgery for his spinal injury.
On 12/12/2013 he underwent open treatment of T7 vertebral fracture.

XXI.

Furthermore, the following additional procedures were also performed at St. Joseph's: T-7 vertebral corpectomy; T-6 through T-8 anterior interbody fusion using a Harms titanium cage; T-5 through T-9 posterior segmental fixation; T-5 through T-9 posterolateral fusion.

XXII.

As a result of the delay in treatment at the VA Center, Plaintiff Arthur Billingsley now suffers from traumatic paraplegia, neurogenic bowel, neurogenic bladder, and back pain, . . .

all conditions of which are permanent in nature and all of which would have been avoided with prompt and appropriate medical treatment.

XXIII.

The standards of medical care which were breached are as follows:

1. Failure to timely evaluate the spinal injury by MRI evaluation;
2. Failure to advise on the need for immobilization and rest in view of the spinal injury;
3. Failure to consult with a spinal expert at the outset;
4. Delay in intervention (by referral to a specialist and spinal stabilization) in view of deterioration in neurological status; and
5. There was a gross violation of the standards of care as deterioration of neurological function following assessment is an indication for urgent treatment.

XXIV.

As a direct and proximate result of healthcare providers, including The Department of Veteran Affairs Hospital, the Carl T. Hayden VA Medical Center in Phoenix, Arizona, and it's physicians and healthcare providers' failure to comply with the appropriate standard of medical care, Mr. Billingsley suffers from traumatic paraplegia, neurogenic bowel, neurogenic bladder, and back pain, all conditions of which are permanent in nature.

XXV.

Plaintiff Trey Billingsley has suffered a Loss of Consortium as a result of his father's injuries.

XXVI.

As a result of the negligence of Defendant's agents/employees, Plaintiffs have suffered extensive damages; and by virtue of the aforesaid claim for loss of consortium, his family has been deprived of his comfort and society and of his support, severe mental anguish and suffering, and they have been otherwise peculiarly damaged as result therefrom. Trey Billingsley has lost the companionship, love, emotional support, comfort, household services and family care.

. . .

XXVII.

Defendant's actions during this period of time, including those of The Department of Veteran Affairs Hospital, the Carl T. Hayden VA Medical Center of Phoenix, Arizona, and those of it's physicians Steven P. Galasky, M.D., Stephen Cushner, M.D., Jonathan Byrdy, M.D., and other presently unknown physicians or healthcare workers of the Department of Veterans Affairs, were below the medical standard of care, and were performed in a negligent manner.  Defendant's actions and/or lack of actions, including those of Drs. Galasky, Cushner, Byrdy, and others involved in management of this patient, resulted in a delay in diagnosis, traumatic paraplegia, neurogenic bowel, neurogenic bladder, and back pain, all conditions of which are permanent in nature.

XXVIII.

On information and belief, Arthur Billingsley received care from The Department of Veteran Affairs Hospital, the Carl T. Hayden Medical Center of Phoenix, Arizona, and it's physicians, Steven P. Galasky, M.D., Stephen Cushner, M.D., Jonathan Byrdy, M.D., and others involved in management of this patient, as stated above; and, that those medical care providers' actions as set forth above, were below the standard of care and were performed in a negligent manner, and ultimately caused and/or contributed to the devastating permanent injuries suffered by Arthur Billingsley.

**COUNT I - NEGLIGENCE OF DEFENDANT UNITED STATES OF AMERICA & ITS EMPLOYEES AND AGENTS**

XXIX.

Plaintiffs re-allege and incorporate by reference paragraphs I-XXVIII above, to avoid repetition.

XXX.

Defendant's employees and agents including, but not limited to, Steven P. Galasky, M.D., Stephen Cushner, M.D., Jonathan Byrdy, M.D., and others involved

7

in management of this patient, undertook to perform and furnish medical care, attention, diagnosis, analysis, counsel, treatment, medical procedures, medical supervision, and care of Arthur Billingsley.  Plaintiffs relied upon the Defendant's physicians and/or healthcare providers as specialists or providers of medical care in their designated fields and, as such, the relationship of patient and physician was thereby created

XXXI.

Thereafter, Defendant USA's employees and/or agents, were responsible for and were under a duty to advise, inform, counsel, diagnose, appropriately monitor, evaluate and treat Arthur Billingsley's medical care and treatment.

XXXII.

Defendant USA's employee and/or agent physicians and other healthcare providers had a duty to comply with the standard of care in their treatment of Plaintiff.  The failures of these and other healthcare providers at the VA Medical Center were below the medical standard of care and were performed in a negligent manner resulting in the above stated permanent injuries to Plaintiff.

XXXIII.

Defendant USA's emplyees and/or agents, had the duty to provide to their patient Arthur Billingsley the services of competent an qualified medical care and to properly order and complete appropriate treatment, and to render the same in accordance with the standards of the medical community.  Arthur Billingsley and Plaintiffs relied upon the Defendant's employees/agents' covenant to so render competent care.  Defendant breached this duty.

XXXIV.

Defendant USA's employees and/or agents, had several duties regarding the care of Arthur Billingsley including, but not limited to, the duty to provide proper medical care and treatment and owed Arthur Billinglsey and Plaintiffs a duty to

. . .

provide the degree of care, diligence and technical skill required of the condition for which Mr. Billingsley presented for care.

XXXV.

As a direct and proximate result of Defendant USA and it's employees and/or agents' negligent care and treatment of Arthur Billingsley, Mr. Billinglsey suffered undue pain and suffering and permanent traumatic injury; furthermore, his complications and damages include, but are not limited to the following:

- Delay in management of Traumatic incomplete paraplegia
- Back pain
- Confusion
- Neurogenic bowel
- Neurogenic bladder
- E. coli urinary tract infection
- Methicillin Resistant Staphylococcus Aureus (MRSA) urinary tract infection
- Morbidity of all the above
- Prolonged hospital stay
- Financial and psychological implications of the above
- Permanent paralysis
- Pain, suffering and permanent physical impairment

XXXVI.

As a further direct and proximate result of the Defendant's negligent acts, which fell below the applicable standard of care of healthcare providers, Plaintiffs Trey Billingsley has suffered a loss of consortium due to the traumatic, permanent injury suffered by his father, Arthur Billingsley, and will continue to suffer such losses in the future.

. . .

XXXVII.

As a further proximate result of the failures of the Defendant, as alleged above, Plaintiffs have already suffered and will in the future continue to suffer severe emotional pain, distress, grief, sorrow, mental anguish, stress, and depression, as a result of the Defendant's negligence.

XXXVIII.

By reason of the foregoing, Plaintiffs have been damaged in an amount in excess of the jurisdictional limits of this court and in an amount to be determined at trial, together with costs and disbursements of this action, and with such other and further relief as the Court may deem just and proper.

XXXIX.

As a further direct and proximate result of Defendant's negligent care and treatment, Plaintiffs has sustained general damages in a sum to be determined.

**COUNT II - NEGLIGENCE OF DEFENDANT USA'S AGENCY DEPARTMENT OF VETERANS AFFAIRS AND/OR CARL T. HAYDEN VA MEDICAL CENTER, PHOENIX, ARIZONA**

XL.

Plaintiffs re-allege and incorporate by reference paragraphs I-XXXIX above, to avoid repetition.

XLI.

The Defendant's agency, Department of Veterans Affairs is an agency of which Steven P. Galasky, M.D., Stephen Cushner, M.D., Jonathan Byrdy, M.D., and others involved in management of this patient, acted as employees and/or agents. The acts of which are binding under the doctrine of *respondeat superior* and/or Principal/Agent.

XLII.

The Defendant and its agency and agents, either individually or by and through their duly-authorized agents, servants and/or employees, had the duty to

provide to Arthur Billingsley the services of competent and qualified medical care and to properly order and complete appropriate medical care and treatment, including, but not limited to, advice, information, counsel, diagnosis, and treatment, and to render the same in accordance with the standards of the medical community. Arthur Billingsley and Plaintiffs relied upon Defendant's agency and agents' covenant to so render competent care. Defendant's agency and/or agents breached this duty.

## DEMAND AGAINST DEFENDANT

XLIII.

Plaintiffs re-allege and incorporate herein by reference paragraphs I-XLII above, to avoid repetition.

XLIV.

Plaintiffs are entitled to a judgment in her favor and against Defendant USA in an amount to be determined by the judge and jury, to be full, fair, and reasonable compensation for the medical negligent actions and/or inactions provided to Arthur Billingsley; and Plaintiffs' losses, harms and damages suffered as a result of the death of Arthur Billingsley, plus costs, interest, and attorney fees.

WHEREFORE, Plaintiffs in this action requests that this Honorable Court grant the relief that is just, reasonable, and equitable, against Defendant, for a sum certain in the amount of not less than Three Million Five Hundred Thousand Dollars ($3,500,000.00), plus any applicable interest, post-judgment interest, attorney fees, and costs that this Court deems proper against any Defendant as permitted by the applicable law.

RESPECTFULLY SUBMITTED this 6th day of April, 2016.

THE MASSEY LAW FIRM, P.C.

/s/ Daniel P. Massey

DANIEL P. MASSEY, ESQ.
14300 N. Northsight Blvd., Suite 108
Scottsdale, Arizona 85260